OPINIONS
CARROLL J. DECOTEAU, Associate Justice.
BRIEF FACTUAL OVERVIEW AND PROCEDURAL HISTORY
On November 17, 2000, Juvenile Officer Sarah Figueroa filed two complaints alleging that M.L. committed two acts of juvenile delinquency (disorderly conduct). On November 21, 2000, M.L. in the company of her mother, appeared in Tribal Juvenile Court and entered a plea of not guilty to both charges. A fact finding hearing -was then scheduled for December 28, 2000, at *275 10:00 a.m. The prosecution claims that the December 28th hearing was not held because it was a ‘bad weather’ day. Defendant’s counsel alleges that upon arrival at the Courthouse on December 28th she was informed by prosecutor Copenhaver that the hearing had been continued due to the Tribal Court’s failure to serve the prosecution’s witnesses. (See page 2, Appellee’s brie!) A letter dated January 26, 2001, from Fort Peck Tribal Chairman Headdress, appears in the file, stating that December 28, 2000, was a ‘bad weather’ day. Due to one, or possibly both, of these reasons, the fact finding hearing was continued and rescheduled for January 18, 2001. M.L., her mother, and defense counsel, Mary Zemyan, Esq., appeared on January 18, 2001, at which time the Tribal Prosecutor motioned for a continuance on the basis that the prosecution’s witnesses were not served by the tribal police force. The defense objected to the motion as being untimely, citing Title IX CCOJ 2000 § 305(a) which requires the fact finding hearing in Juvenile matters to be held within 30 days of arraignment. Noting that sixty days had passed since M.L. was arraigned on the charges, defense counsel then motioned for dismissal. After considering the arguments, the Tribal Court denied the prosecution’s motion for continuance and granted the defense’s motion to dismiss. A timely Notice of Appeal was filed on February 7, 2001. We granted review, the matter was fully briefed by the parties and oral argument was heard on May 25, 2001.
ISSUE PRESENTED
The Tribal Prosecutor contends that denying the Motion for Continuance was a violation of the Indian Civil Rights Act, 25 U.S.C. § 1302, and further that the Court erred in its denial based upon the “30 day” requirement of Title IX CCOJ 2000 § 505(a) to conduct the ‘fact finding’ hearing, arguing that the “30 day” requirement is not mandatory when postponement is sought for “good cause”. Prosecutor further argues that it was not the prosecution’s fault that their key witness was not served to appear for trial and that such failure of the Tribal Court should not be visited upon the Tribes. As in our recent opinion in Tribes v. Stafne, FPCOA, No. 351, 2002 WL 34432657 (2002), we address the issue: “Whether the Tribal Court abused its discretion by denying a Motion to Continue which was based upon failure to summons the prosecution’s witnesses?"
STANDARD OF REVIEW
“The jurisdiction of the Court of Appeals shall extend to all appeals from final orders and judgments of the Tribal Court. The Court of Appeals shall review de novo all determinations of the Tribal Court on matters of law, but shall not set aside any factual determinations of the Tribal Court if such determinations are supported by substantial evidence.” Title II CCOJ 2000 § 202. We use the ‘abuse of discretion’ standard in reviewing the Tribal Court’s denial of a motion to dismiss.
DISCUSSION
The prosecution’s argument that the Tribal Court’s failure to provide a compulsory process for obtaining witnesses for the prosecution was “in violation of the Indian Civil Rights Act” is without merit. The Indian Civil Rights Act, 25 U.S.C. § 1302(6), states: “No Indian Tribe in exercising powers of self-government shall— deny to any person in a criminal proceeding the right to a speedy and public trial, to be informed of the nature and cause of the accusation, to be confronted -with witnesses against him, to have compulsory *276 process for obtaining witnesses in his favor, and at his own expense to have the assistance of counsel for his defense.” The prosecution’s interpretation of this provision in the ICRA appears to be misguided. First, the Tribal Prosecutor’s office is not a “person” as defined within § 1302. Secondly, we see no reason for the Tribal Prosecutor to be in need of protection in a criminal trial from the government which it represents and serves as an integral part.
The prosecution also cites error in that the Tribal Court did not consider the “good cause” basis upon which the motion was made. We examine this second argument for abuse of discretion by the Tribal Court.
In Tribes v. Stafne, No. 351, 2002 WL 34432657 (2002), we established guidelines to assist the Tribal Court in determining the merits of a Motion to Dismiss. These factors include, but are not limited to: 1) Will any of the defendant’s fundamental rights be abridged or violated? 2) Will any prejudice ensue to the opposing party? 3) Is the motion calculated to delay the trial? 4) Will granting the motion cause unreasonable delay? 5) Will denial of the motion prevent a fair trial on the merits? 6) Did either party contribute to, or cause the necessity of, the motion? 7) Did the moving party exercise good faith and due diligence in attempting to avoid the situation that prompts the motion? We went on to explain that, in the absence of its own published guidelines, the Tribal Court must look to the circumstances in each case, concluding: “All of these, as well as any other relevant factors, need to be reviewed during the Tribal Court’s evaluation, after which the Court must balance the respective interests of the parties and arrive at a reasonable and just conclusion.” Id. @page 4.
The facts in this case mimic Stafne except for two important details: Stafne was an adult; M.L. is a juvenile; and in Staf-ne, the case had not been previously continued whereas this case had been continued one time prior to the Court’s denial which spawned the appeal.
The prosecution contends the first continuance was due to severe winter weather. The defendant disputes that contention and alleges that the cause of the first-continuance was the same as the second one: failure of the Court to summons the prosecution’s witnesses. In other words, the defendant maintains that the prosecution went to the well too many times.
No evidence of a fact finding hearing for December 28, 2000, could be found in the record. Thus, it is unclear to this Court exactly what transpired. The prosecutor states that a memo was issued on the morning of December 28, 2000, by the Tribal Chairman, advising of the inclement weather and advising out of town employees to use caution is determining whether to attempt travel to their work site and that few employees showed up for work and that all employees who did appear were sent home in the afternoon. (See page 2, Appellant’s brief).
Assuming that a hearing was convened on December 28, 2000, it is not clear whether the defendant had the opportunity to object to the continuance. On the surface, it appears that the prosecutor may have met with the Judge ex parte.
Even so, at best, we are faced with an incomplete record and disputed facts, which have been supplied by opposing parties. It is upon these disputed facts that we must determine whether the Tribal Court abused its discretion.
 The only thing clear in this case is that the defendant did not contribute to, or cause the necessity of, the motion; nor did *277 the defendant fail to preserve a record of the first continuance. While we acknowledge that it is the Tribal Court’s responsibility to preserve its own record, it is in the best interests of both parties to insure that a record is preserved, especially if one of those parties subsequently cites error. Otherwise the party that fails to insure that the Court has preserved its record finds itself in the shoes of the Prosecutor herein: unable to prove what may have been a meritorious case.
In the absence of a record for the first healing of December 28, 2000, if any there was, we must accept that the trial judge was in the best position to make a determination on whether to continue the January 18, 2001, hearing. Associate Judge Juanita Azure was presiding on both occasions. She heard the defendant’s response to the prosecution’s motion for continuance and could properly assess the defendant’s argument regarding § 505(a). It follows that when she considered whether the granting of the motion would prejudice the defendant’s rights, she answered in the affirmative. In the absence of more compelling reasons than are now before us, we find that Judge Azure acted appropriately in denying the prosecution’s motion for continuance and granting the defendant’s motion to dismiss.
The Tribal Court’s order of dismissal is affirmed.
Concur: GARY P. SULLIVAN, Chief Justice, GERARD M. SCHUSTER, Associate Justice.